**Not for Publication**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff*, v. WILLIAM TEAL, *Defendant*. | Crim. No. 19-735 **OPINION** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court by way of Defendant William Teal's motion to modify his sentence and for immediate compassionate release. D.E. 212. The Government filed opposition. D.E. 216. The Court reviewed the parties' submissions[1] and considered the motion without oral argument pursuant to Local Criminal Rule 1.1 and Local Civil Rule 78.1(b). Defendant seeks immediate release due to the ongoing COVID-19 pandemic. For the following reasons, Defendant's motion is denied.

I.  BACKGROUND

   A. Underlying Criminal Proceedings

Teal was part of a large-scale Drug Trafficking Organization that operated an open-air narcotics (primarily crack cocaine and heroin) market in Newark, New Jersey for several years. Among other things, Defendant packaged drugs, delivered drugs, sold drugs, and transferred drug

---

[1] Defendant's brief in support of his motion is referred to as "Br." (D.E. 212); the Government's opposition brief is referred to as "Opp." (D.E. 216).

proceeds. On October 9, 2019, Teal pled guilty to an Information that charged him with a conspiracy to distribute controlled substances from September 2017 through June 2019 in violation of 21 U.S.C. § 846. D.E. 198, 200. Defendant entered into a plea agreement with the Government in which the parties agreed that a sentence between 120 and 144 months was reasonable. D.E. 202. At sentencing, the Court determined that under the United States Sentencing Guidelines, Teal was facing 188 to 235 months. The Court reached this calculation based on a Guidelines' Offense Level of 31 coupled with a Criminal History Category of VI. As to Teal's criminal history, he had accumulated an extraordinary 32 points (only 13 are needed to qualify for a category of VI). Nevertheless, the Court granted a variance and sentenced Defendant to a term of 132 months' imprisonment, consistent with the plea agreement. D.E. 210, 211.

Teal is currently housed at FCI Ray Brook in New York. He is scheduled to be released on October 28, 2028.

### B. COVID-19 Pandemic

COVID-19 "is caused by the virus severe acute respiratory syndrome coronavirus 2 (SARS-CoV-2), a new virus in humans causing respiratory illness which can be spread from person-to-person." *COVID-19*, "COVID-19 Overview and Infection Prevention and Control Priorities in non-US Healthcare Settings," Centers for Disease Control and Prevention (Feb. 26, 2021), https://www.cdc.gov/coronavirus/2019-ncov/hcp/non-us-settings/overview/index.html#background. "COVID-19 is primarily transmitted from person-to-person through respiratory droplets. These droplets are released when someone with COVID-19 sneezes, coughs, or talks." *Id.* Persons who contract the virus reflect a wide range of symptoms from asymptomatic to mild (including fever, cough, nausea, chest pain, and body pain) to severe to critical (including respiratory failure and death). *Id.* As a result, standard precautions to prevent the spread of the

virus include social distancing, proper hygiene, personal protective equipment (including use of face masks), and maintenance of clean surfaces and devices. *Id.*

Numerous factors can increase a person's risk of severe illness if he/she contracts the virus. As a person get older, his/her risk for severe illness from COVID-19 increases. *COVID-19*, "Older Adults," Centers for Disease Control and Prevention (June 9, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html. For example, persons in their sixties and seventies are at a higher risk than people in their fifties. *Id.* Those 85 or older are at greatest risk. *Id.* Adults 65 or older comprise 8 out of 10 COVID-19 deaths in the United States. *Id.* The following medical conditions put a person at increased risk of severe illness from COVID-19: cancer, chronic kidney diseases, chronic lung diseases (including asthma if it is moderate to severe), dementia or other neurological conditions, heart conditions such as coronary artery disease, weakened immune system from organ transplant, obesity, pregnancy, sickle cell disease, smoking, stroke or cerebrovascular disease, and type 2 diabetes mellitus. *COVID-19*, "People with Certain Medical Conditions," Centers for Disease Control and Prevention (May 13, 2021),[2] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

As of June 10, 2021, the United States has had 33,224,075 COVID-19 cases, resulting in 595,625 deaths. *COVID Data Tracker*, Centers for Disease Control and Prevention, https://covid.cdc.gov/covid-data-tracker/#cases_casesper100klast7days (last visited June 10, 2021).

---

[2] The CDC previously provided two separate lists, one listing conditions that entailed a greater risk of severe illness and one setting forth conditions that might involve a greater risk.

### C. Federal Bureau of Prisons

The Federal Bureau of Prisons ("BOP") has taken the following steps to combat the virus. On March 13, 2020, the BOP modified its operations in accordance with its "COVID-19 Action Plan." *Federal Bureau of Prisons COVID-19 Action Plan*, Federal Bureau of Prisons (Mar. 13, 2020), https://www.bop.gov/resources/news/20200313_covid-19.jsp. Initially, all social visits, inmate movement, and official staff travel were suspended for thirty days. *Id.* Contractors who enter any BOP facility are screened for the virus and, initially, admission was limited to contractors who performed essential services. *Id.* The BOP also conducts enhanced health screenings for staff in areas of "sustained community transmission." *Id.* The BOP screens all new inmates for virus "exposure risk factors and symptoms." *Id.* Any new inmate who is asymptomatic but has had a risk of exposure is quarantined. *Id.* According to the Government, the quarantine period is for a minimum of 14 days or until cleared by medical staff. Opp. at 4. The Government indicates that new inmates who are symptomatic are placed in isolation until they test negative for the virus or are cleared by medical staff. *Id.* at 5. The Government also states that the BOP has taken the following steps to prevent the spread of the virus: group gatherings are limited to permit social distancing as much as possible, all staff and inmates have been issued face masks, and all staff and inmates are strongly encouraged to wear face masks when social distancing cannot be achieved. *Id.*

The BOP also has a COVID-19 vaccination plan. *COVID-19 Vaccine Guidance*, Federal Bureau of Prisons Clinical Guidance (Mar. 11, 2021), https://www.bop.gov/resources/pdfs/covid19_vaccine_guidance_20210311.pdf. Inmates fall into different priority levels for vaccination: Priority Level 1 (for inmates in certain high priority jobs, including health service unit assignments); Priority Level 2 (inmates who are 65 or older or who

are, according to CDC criteria, at an increased risk for severe illness from the virus); Priority Level 3 (inmates who are aged 50 through 64 or who might be, according to CDC criteria, at an increased risk for severe illness from the virus); and Priority Level 4 (all other inmates). *Id.* As of June 10, 2021, the BOP had administered 190,150 doses of vaccine. *COVID-19*, "Vaccine Implementation," Federal Bureau of Prisons, https://www.bop.gov/coronavirus/index.jsp (last visited June 10, 2021).

The BOP COVID-19 current statistics are as follows: (1) 89 inmates and 126 staff have confirmed positive tests; (2) 44,992 inmates and 6,850 staff have recovered; and (3) 238 inmates and 4 staff have died. *Id.* FCI Ray Brook, where Defendant is housed, currently reports no positive cases among inmates or staff. *Id.* In addition, 116 inmates and 38 staff have recovered.

### D. The Parties' Positions

Teal's primary argument is that he should be released due to the COVID-19 pandemic. Br. at 1-3. Teal filed his motion after his sentencing while he was still detained at the Essex County Correctional Facility. Defendant also attaches information as to pre-trial detainees, *id.* at 5-6, which is not pertinent to his current motion.

The Government opposes Defendant's motion, asserting that Teal has not exhausted his administrative remedies, that he has not asserted that he is in an unusually vulnerable population, and that the 18 U.S.C. § 3553(a) factors countenance against his release. Opp. at 8-11.

### E. LEGAL STANDARD

Following the passage of the First Step Act, Section 3582(c)(1)(A) now reads as follows:

(c) Modification of an imposed term of imprisonment. The court may not modify
a term of imprisonment once it has been imposed except that—

(1) in any case—

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), *after considering the factors set forth in section 3553(a) to the extent that they are applicable*, if it finds that—
>
>> (i) *extraordinary and compelling reasons warrant such a reduction*; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and *a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)*;
>>
>> *and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission*; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A) (emphases added).

The applicable policy statement of the United States Sentencing Commission is found in Section 1B1.13. U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018). The application notes to the section provide 4 circumstances that can be considered extraordinary and compelling: (1) the medical condition of the defendant, (2) the age of the defendant, (3) family

6

circumstances, and (4) other circumstances constituting an extraordinary or compelling reason, either considered alone or in combination with any of the other three stated reasons. *Id.* cmt. n. 1(A)-(D). Certain courts have determined that the policy statement is not binding on courts in connection with motions like the one at bar but have nevertheless found that the statement provides useful guidance. *United States v. Viteri*, Crim. No. 19-00044, 2020 WL 3396804, at *3 (D.N.J. June 19, 2020).

In the application note, the fourth consideration requires a determination by the Director of the BOP. U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(D). Here, the Government does not contest that the policy statement should also apply when the motion is filed by a defendant, in addition to a motion filed by the BOP Director. The Court agrees. *See, e.g.*, *United States v. Rodriguez*, 451 F. Supp. 3d 392 (E.D. Pa. 2020).

Pursuant to Section 3582(c)(1)(A), the Court must also consider the relevant factors listed in 18 U.S.C. § 3553(a). They include the nature and circumstances of Defendant's offense, the history and characteristics of Defendant, the need for the sentence to provide just punishment, and the need to protect the public from future offenses by Defendant. *Id.*

### F. ANALYSIS

The Court finds that Defendant has not met his burden as to extraordinary and compelling circumstance. First, he has not demonstrated that he exhausted his administrative remedies at either Essex County Correctional Facility or FCI Ray Brook. Second, Defendant has not indicated that he suffers from any medical conditions that place him in an unusually vulnerable category for potentially serious effects should he contract COVID-19. Third, FCI Ray Brook currently has no COVID-19 infections. Finally, BOP has been making significant strides in its inmate vaccination program.

The Court also agrees with the Government that the Section 3553(a) factors militate against release. His long-term participation in the cocaine and heroin conspiracy was extremely serious. Moreover, his criminal history is extraordinarily high. At 44 years old, he has literally led a life of crime, primarily consisting of drug dealing. He also repeatedly violated his terms of parole in his earlier cases. In addition, he committed the offense while on probation in another criminal matter. Such behavior clearly bespeaks of the need for both general and specific deterrence as well as the need to protect the public from any future offenses by Teal. And he still has over seven to serve before he is eligible for release. *See United States v. Pawlowski*, 967 F.3d 327, 330-31 (3d Cir. 2020) (ruling that in deciding a motion for compassionate release, a district court may consider the amount of time remaining on a defendant's sentence). On this point, the Third Circuit has made the following observations:

> We have not previously considered whether a district court abuses its discretion by denying a motion for compassionate release based on the amount of time remaining to be served in the inmate's sentence. But numerous district courts have taken this into account in considering whether to grant compassionate release. *See, e.g., United States v. Bogdanoff*, No. 12-cr-0190-1, 459 F. Supp. 3d 653 (E.D. Pa. May 8, 2020) (denying compassionate release where the inmate had served only seven years of an 18-year sentence, and noting that the case was "much different than others where defendants [sought compassionate release] at the end of their sentence"); *United States v. Moskop*, No. 11-cr-30077, 2020 WL 1862636, at *1-2 (S.D. Ill. Apr. 14, 2020) (denying compassionate release where the inmate had served less than 10 years of a 20-year sentence and explaining that the "sentencing objectives of specific deterrence and protecting the public [would] not [be] fully served by less than 10 years of incarceration"). And at least one of our sister circuits has approved that consideration. *See Chambliss*, 948 F.3d at 694 (holding that a district court did not abuse its discretion in denying compassionate release based, in part, on the defendant's having served only 14 years of a 30-year sentence). We agree, as this consideration is consistent with the text of 18 U.S.C. § 3582(c)(1)(A), which, again, requires a court reviewing a motion for compassionate release to "consider[ ] the factors set forth in [§] 3553(a) to the extent that they are applicable." Because a

8

> defendant's sentence reflects the sentencing judge's view of the § 3553(a) factors at the time of sentencing, the time remaining in that sentence may—along with the circumstances underlying the motion for compassionate release and the need to avoid unwarranted disparities among similarly situated inmates—inform whether immediate release would be consistent with those factors. Hence we cannot conclude that the District Court acted unreasonably in determining that the substantial sentencing reduction required for granting compassionate release here—a reduction from 15 years to less than two years—would be inconsistent with the § 3553(a) factors.

*Id.* at 330-31 (footnotes omitted).

## G. CONCLUSION

For the foregoing reasons, the Court denies Defendant's motion. An appropriate Order accompanies this Opinion.

Dated: June 10, 2021

_____
John Michael Vazquez, U.S.D.J.
